IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     *Plaintiff,*

     v.

AVI SIVAN,
REGINE SIVAN,
JM & F VENTURES LLC,
KOUTSOUBIS ALONSO ASSOCIATES, P.E.,
    P.C.,
SIGNATURE BANK,
FIA CARD SERVICES, N.A.,
AUTOMATIC IRRIGATION DESIGN,
NEW YORK STATE DEPARTMENT OF
    TAXATION AND FINANCE,
OCEANVIEW LANDSCAPE INC.,
VILLAGE OF ROSLYN, INCORPORATED,
VILLAGE OF KINGS POINT, NEW YORK,
NASSAU COUNTY, NEW YORK,
UMB BANK, NATIONAL ASSOCIATION,
    NOT IN ITS INDIVIDUAL CAPACITY,
    BUT SOLELY AS LEGAL TITLE
    TRUSTEE OF PRL TITLE TRUST 1,
MARC ROTHSCHILD,
HAMPTON POOL COMPANY LLC, and
SUFFOLK COUNTY, NEW YORK,

     *Defendants.*

Case No.1:24-cv-04484

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and

with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C.

§ 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by

Avi and Regine Sivan, jointly and severally; (2) reduce to judgment additional unpaid federal tax

liabilities owed by Avi Sivan; (3) enforce the federal tax liens against the real property known as

3 White Pine Lane, Great Neck, New York, belonging to Avi and Regine Sivan; and (4) enforce

-1-

the federal tax liens against the real property known as 190 Old Farm Road, Sagaponack, New York, belonging to Regine Sivan. For its complaint, the United States alleges as follows:[1]

**JURISDICTION AND PARTIES**

1.      The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Defendant Avi Sivan resides in Nassau County, New York, within the jurisdiction of this Court.

3.      Defendant Regine Sivan resides in Nassau County, New York, within the jurisdiction of this Court.

4.      Defendant JM & F Ventures LLC is joined as a party because it recorded a mortgage for 13 White Pine Lane, Great Neck, New York, with the Nassau County Clerk's Office as Instrument Number 2018-00061458 on July 13, 2018.

5.      Defendant Koutsoubis Alonso Associates, P.E., P.C., is joined as a party because it recorded a judgment with the Nassau County Clerk's Office as JT07048377 on November 20, 2007.

6.      Defendant Signature Bank is joined as a party because it recorded a judgment with the Nassau County Clerk's Office as JT12002610 on January 31, 2012.

7.      Defendant FIA Card Services, N.A. is joined as a party because it recorded a judgment with the Nassau County Clerk's Office as 11-002894 on August 22, 2014.

---

[1] Should Avi and/or Regine Sivan file a petition under the Bankruptcy Code, the United States will seek, upon the lifting of the automatic stay, to amend this complaint to assert the exception to discharge in 11 U.S.C. § 523(a)(1)(C) and in the event either taxpayer may file a declaratory adversary complaint to determine dischargeability, the United States will assert the bar on declaratory judgments regarding federal taxes in 28 U.S.C. § 2201 and otherwise will ask the Bankruptcy Court to abstain or this Court to withdraw the reference and to consolidate the matter with this civil action.

8.      Defendant Automatic Irrigation Design is joined as a party because it recorded a judgment with the Nassau County Clerk's Office as JT15000242 on January 12, 2015.

9.      Defendant New York State Department of Taxation and Finance is joined as a party because it recorded a warrant with the Nassau County Clerk's Office on August 27, 2019.

10.     Defendant Oceanview Landscape Inc. is joined as a party because it recorded a judgment with the Nassau County Clerk's Office as Instrument Number 2021-00147289 on July 12, 2021.

11.     Defendant Village of Roslyn is joined as a party because it recorded judgments with the Nassau County Clerk's Office as Instrument Numbers 2022-00163861 and 2024-00222354 on December 1, 2022, and February 29, 2024.

12.     Defendant Incorporated Village of Kings Point, New York, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property known as 13 White Pine Lane, Great Neck, New York, and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

13.     Defendant Nassau County, New York, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property known as 13 White Pine Lane, Great Neck, New York, and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

14.     Defendant UMB Bank, National Association, not in its Individual Capacity, but Solely as Legal Title Trustee of PRL Title Trust 1, is joined as a party because it recorded an assignment of mortgage for the property known as 190 Old Farm Road, Sagaponack, New York, with the Suffolk County Clerk Records Office at L M00023172 P 874 on September 11, 2020.

15.     Defendant Marc Rothschild is joined as a party because he recorded a judgment against Avi Sivan, Regine Sivan, and Avraham Ovadia with the Suffolk County Clerk Records Office with Index Number 12 00757 Sequence Number 152 on January 2, 2013.

16.     Defendant Hampton Pool Company LLC is joined as a party because it filed a Mechanic's Lien as Lien Number LMEC00015710 with the Suffolk County Clerk Records Office on October 19, 2023.

17.     Defendant Suffolk County, New York, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property known as 190 Old Farm Road, Sagaponack, New York and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

## COUNT ONE
### (Claim Against Avi Sivan to Reduce Income Tax Liabilities to Judgment)

18.     A delegate of the Secretary of the Treasury made joint assessments against Avi Sivan and Regine Sivan for income taxes and accuracy-related penalties for the periods, on the dates, and in the amounts described in the following table. Regine Sivan was later granted innocent spouse relief under 26 U.S.C. § 6015 for these three years by the IRS, and, therefore, the United States does not seek to hold her personally liable for these tax years. These liabilities have balances due as of June 10, 2024, including assessed and accrued late-filing and late-

-4-

payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 06/10/2024 |
|---|---|---|---|---|
| 12/31/2000 | 06/28/2011 | Tax<br>Accuracy-Related Penalty (IRC 6662) | $772,151.85<br>$77,265.60 | $3,142,383.85 |
| 12/31/2001 | 06/29/2011 | Tax<br>Accuracy-Related Penalty (IRC 6662) | $232,890.00<br>$23,289.00 | $825,895.04 |
| 12/31/2002 | 02/23/2004<br>06/29/2011 | Tax<br>Tax<br>Accuracy-Related Penalty (IRC 6662) | $152,245.00<br>$434,452.00<br>$43,445.20 | (satisfied)<br>$1,563,768.17 |
| Total | | | | $5,532,047.06 |

19.    Notice of the liabilities described in paragraph 18 was given to, and payment demanded from, Avi Sivan.

20.    Despite proper notice and demand, Avi Sivan failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $5,269,284.58, plus statutory additions and interest accruing from and after June 10, 2024.

21.    Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was suspended pursuant to 26 U.S.C. § 6331(i) and (k) and again pursuant to 26 U.S.C. § 6330(e)(1) for the income tax periods ending December 31, 2000, December 31, 2001, and December 31, 2002, as more particularly described in the following three paragraphs.

22.      Avi Sivan and Regine Sivan submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax periods ending December 31, 2000, December 31, 2001, and December 31, 2002. The offer in compromise was pending from October 19, 2011, through February 12, 2013.

23.      On or about April 24, 2018, Avi Sivan filed a Request for Collection Due Process or Equivalent Hearing with the IRS. On or about November 19, 2018, the IRS issued a Notice of Determination.

24.      Avi Sivan filed a petition with the United States Tax Court under 26 U.S.C. § 6330(d)(1) on December 26, 2018, for the income tax periods ending December 31, 2000, December 31, 2001, and December 31, 2002. On December 5, 2019, the Tax Court issued a decision pursuant to the agreement of the parties that the IRS's determinations for the tax periods ending December 31, 2000, December 31, 2001, and December 31, 2002, were sustained in full.

## COUNT TWO
### (Claim Against Avi and Regine Sivan to Reduce Income Tax Liabilities to Judgment)

25.      A delegate of the Secretary of the Treasury made joint assessments against Avi Sivan and Regine Sivan for income taxes and accuracy-related penalties for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of June 10, 2024, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 06/10/2024 |
|---|---|---|---|---|
| 12/31/2013 | 11/24/2014 | Tax | $2,664.00 | (satisfied) |
|  | 04/03/2019 |  | $133,485.00 | $307,720.33 |
| 12/31/2014 | 06/06/2016 | Tax | $2,168.00 | (satisfied) |
|  | 06/07/2019 |  | $50,250.00 | $110,644.60 |
| 12/31/2015 | 08/05/2019 | Tax | $292,073.00 | $606,046.04 |
| 12/31/2016 | 05/27/2019 | Tax | $471,985.00 | $965,355.64 |
| 12/31/2017 | 08/05/2019 | Tax | $14,133.00 | $25,942.51 |
| 12/31/2019 | 04/11/2022 | Tax | $72,529.00 | $93,071.10 |
| 12/31/2020 | 10/10/2022 | Tax | $6,175.00 | $1,608.05 |
| **Total** |  |  |  | **$2,110,388.27** |

26.     Notice of the liabilities described in paragraph 25 was given to, and payment demanded from, Avi Sivan and Regine Sivan.

27.     Despite proper notice and demand, Avi Sivan and Regine Sivan failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable, jointly and severally, to the United States in the amount of $2,008,277.76, plus statutory additions and interest accruing from and after October 31, 2023.

## COUNT THREE
### (Claim to Enforce Federal Tax Liens Against 3 White Pine Lane, Great Neck, New York)

28.     The United States incorporates by reference paragraphs 1 through 27 as if specifically realleged herein.

29.     Avi Sivan and Regine Sivan jointly obtained title to the Real Property located at 3 White Pine Lane, Great Neck, New York 11023 ("White Pine Real Property") by deed dated August 23, 2000. On October 4, 2017, Avi Sivan and Regine Sivan purported to transfer title to Regine Sivan via a bargain and sale deed. On April 27, 2018, Regine Sivan purported to transfer title to Avi Sivan and Regine Sivan via a bargain and sale deed.

30.    Because Avi Sivan and Regine Sivan neglected, refused, or failed to pay the liabilities described in paragraphs 18 and 25 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the White Pine Real Property.

31.    Notices of Federal Tax Lien ("NFTL") were filed with the Nassau County Clerk, New York, in accordance with 26 U.S.C. § 6323(f) as follows:

a.   With respect to Avi Sivan's unpaid federal income taxes for 2000 through 2002:

    i.    On August 23, 2012, the IRS filed an NFTL against Avi Sivan and Regine Sivan, which was recorded as Recording Number 20120823300747.

    ii.    On August 6, 2013, the IRS filed a partial withdrawal of its NFTL, withdrawing the NFTL as to Regine Sivan, which was recorded as Recording Number 149600.

    iii.    On April 12, 2023, the IRS filed a Revocation of Certificate of Release of Federal Tax Lien, noting that the federal tax lien was not refiled in a timely manner, which was recorded as Instrument Number 2023-00046240.

    iv.    On August 23, 2023, the IRS filed a replacement NFTL against Avi Sivan, which was recorded as Instrument Number 2023-00139238.

b.   With respect to Avi Sivan and Regine Sivan's unpaid federal income taxes for 2013 through 2017, on February 11, 2020, the IRS filed an NFTL, which was recorded as Instrument Number 2020-00032999.

c. With respect to Avi Sivan and Regine Sivan's unpaid federal income taxes for 2019, on May 27, 2022, the IRS filed an NFTL, which was recorded as Instrument Number 2022-00088962.

d. With respect to Avi and Regine Sivan's unpaid federal income taxes for 2020, on January 26, 2023, the IRS filed an NFTL, which was recorded as Instrument Number 2023-00010008.

32. The United States is entitled to enforce the federal tax liens described in paragraph 31 against the White Pine Real Property pursuant to 26 U.S.C. § 7403 and to have the entire White Pine Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the White Pine Real Property; second, to Nassau County, New York and Incorporated Village of Kings Point, New York, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

## COUNT FOUR
**(Claim to Enforce Federal Tax Liens Against 190 Old Farm Road, Sagaponack, New York)**

33. The United States incorporates by reference paragraphs 1 through 27 as if specifically realleged herein.

34. Regine Sivan obtained title to the Real Property located at 190 Old Farm Road, Sagaponack, New York 11962) ("Old Farm Real Property") by deed dated March 8, 2018.

35.     Because Regine Sivan neglected, refused, or failed to pay the liabilities described in paragraph 25 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Old Farm Real Property.

36.     Notices of Federal Tax Lien ("NFTL") were filed with the County Recorder of Suffolk County, New York, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2013, 12/31/2014, 12/31/2015, 12/31/2016, 12/31/2017, 12/31/2018, 12/31/2019, 12/31/2020 | 04/12/2024 |

37.     The United States is entitled to enforce the federal tax liens described in paragraph 36 against the Old Farm Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Old Farm Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Old Farm Real Property; second, to Suffolk County, New York, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, Plaintiff United States of America requests the following relief:

A.     Judgment against Defendant Avi Sivan for income tax liabilities for the periods ending December 31, 2000, December 31, 2001, and December 31, 2002, in the amount of $5,269,284.58, plus statutory additions and interest accruing from and after October 31, 2023, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.      Judgment against Defendant Avi Sivan and Defendant Regine Sivan, jointly and severally, for income tax liabilities for the periods ending December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, December 31, 2017, December 31, 2018, December 31, 2019, and December 31, 2020, in the amount of $2,008,277.76, plus statutory additions and interest accruing from and after October 31, 2023, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C.      A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs A and B on the White Pine Real Property and the Old Farm Real Property;

D.      An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the White Pine Real Property by ordering the sale of the entire White Pine Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the White Pine Real Property; second, to Defendant Nassau County, New York, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to Plaintiff United States to pay the liabilities described in paragraphs A and B, except to the extent that the Court determines that another party has a superior claim, lien, or interest;

E.      An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Old Farm Real Property by ordering the sale of the entire Old Farm Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of

-11-

-12-

redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Old Farm Real Property; second, to the defendant Suffolk County, New York, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraphs A and B, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

F.     The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Kimberly R. Parke*
KIMBERLY R. PARKE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.   20044-0055
202-353-0300 (v) / 202-514-5238 (f)
Kimberly.Parke@usdoj.gov

Of Counsel:

RICH HAYES
United States Attorney